By **December 23, 2022**, Plaintiff shall file a letter in response to both Defendant's pre-motion letter regarding its motion to dismiss and its motion to stay discovery, which shall not exceed six pages total.

So Ordered.

Dated:  December 19, 2022
New York, New York

*[signature]*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

By ECF

Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Drabinsky v. Actors' Equity Association*, No. 22-CV-8933 (LGS)

Dear Judge Schofield:

  This Firm represents Defendant Actors' Equity Association ("Equity") in the above-referenced matter.  Pursuant to Rule III.C.2 of Your Honor's Individual Rules, we respectfully request that the Court adopt Equity's proposed briefing schedule, outlined below, regarding its anticipated motion to dismiss the First Amended Complaint (the "Complaint").

I. **The First Amended Complaint**

  Equity, a voluntary unincorporated association,[1] is a labor union that represents actors and stage managers in the entertainment industry.  From the Fall 2021 to the Summer of 2022, Plaintiff Garth Drabinsky was the "lead creative producer" for *Paradise Square*, a theatrical show that aired in Chicago and New York.  *See* Compl. ¶¶55, 56, 68, 187.  The show's terms and conditions of employment for actors and stage managers were set forth in a collective bargaining agreement ("CBA") between Equity and the Broadway League, a multi-employer association.  *Id.* p.2.  In his Complaint, Plaintiff generally alleges that Equity: (1) defamed him by submitting a grievance contending that Plaintiff used "inappropriate and unwanted racial slurs during rehearsals"; *id.* ¶76; (2) breached the CBA and other contractual obligations and allowed its members to do the same, *id. e.g.*, ¶¶79, 87; and (3) placed Plaintiff on its "Do Not Work List."[2] *Id.* p. 8, ¶¶76, 190.  Plaintiff further alleges that Equity's placement of Drabinsky on its

---

[1] Plaintiff acknowledges that Equity is a voluntary association, but incorrectly alleges that Equity is "incorporated under the laws of the State of New York." Compl. ¶2.

[2] Equity maintains a membership rule that prohibits its members from working as an actor or stage manager for an employer not bound to a CBA.  Compl. ¶9.  Long-established labor law holds that such a rule is permissible, *e.g., HBO*, 531 F. Supp. at 603 (citing *Scofield v. NLRB*, 394 U.S. 423 (1969)); *Steven Stripling*, 316 NLRB 710, 711 (1995).



Page 2

"Do Not Work List" constitutes an unreasonable restriction on competition in violation of federal antitrust law. *See* Compl. ¶¶227, 232, 243.

Plaintiff asserts state law claims for defamation (Count I), intentional tort (Count II), and negligence (Count III). Additionally, Plaintiff alleges that his placement on Equity's "Do Not Work List" violates Sections 1 and 2 of the Sherman Act (Counts IV and V). As explained below, all of Plaintiff's claims are subject to dismissal.

## II. Plaintiff's State Law Claims Fail as a Matter of Law.

*First*, pursuant to the New York Court of Appeal's decision in *Martin v. Curran*, 303 N.Y. 276 (1951), Plaintiff's claims must be dismissed because Equity is a voluntary unincorporated association and because Plaintiff did not (and cannot) plausibly allege that each of Equity's 50,000 members authorized or ratified the allegedly unlawful actions.[3] *Second*, Plaintiff's claims are preempted by Section 301 of Labor Management Relations Act, 29 U.S.C. § 185, which preempts state law claims that are "inextricably intertwined with consideration of the terms of [a] labor contract."[4] *Third*, Plaintiff's negligence claim must also be dismissed as duplicative of his defamation claim.[5]

## III. Plaintiff's Antitrust Claims Lack Merit.

As a result of a long history of the aggressive misuse of the antitrust laws to target labor union activity, Congress, in the early 1900s, adopted the Clayton Act, 15 U.S.C. § 17, and then the Norris-LaGuardia Act, 29 U.S.C. § 101 *et. seq.* These statutes declared that the "labor of a human being is not a commodity or article of commerce," 15 U.S.C. § 17, and, taken together, created broad "labor exemptions" from the antitrust laws intended to "immunize labor unions and labor disputes from challenge under the Sherman Act."[6] As the Supreme Court held in *United States v. Hutcheson*, 312 U.S. 219 (1941), so "long as a union acts in its self-interest and does not combine with non-labor groups, the licit and the illicit under [the Clayton and Sherman Acts] are not to be distinguished by any judgment regarding the wisdom or unwisdom,

---

[3] *E.g.*, this Court's decision in *K.D. Hercules, Inc. v. Laborers' Local 78*, No. 20-CV-4829 (LGS), 2022 WL 204216, at *1, 5 (S.D.N.Y. Jan. 24, 2022). Moreover, publication on a website (as Plaintiff contends) cannot plausibly constitute authorization by all of Equity's members.

[4] *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *see also Dougherty v. American Tel. & Tel. Co.*, 902 F.2d 201, 203 (2d Cir. 1990). Plaintiff's claims are also conflict preempted by the National Labor Relations Act. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244 (1959); *Metropolitan Life Ins. v. Massachusetts*, 471 U.S. 724, 749 (1985).

[5] *Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149, 189-90 (S.D.N.Y. 2021); *Pusey v. Bank of Am.*, No. 14-CV-04979 (FB) (LB), 2015 WL 4257251, at *4 (E.D.N.Y. July 14, 2015).

[6] *H.A. Artists & Assocs., Inc. v. Actors' Equity Ass'n*, 451 U.S. 704, 721 (1981).



the rightness or wrongness, the selfishness or unselfishness of the end of which the particular union activities are the means." *Id.* at 229-30.[7]

Here, Plaintiff's antitrust claims fall squarely within the statutory exemption to antitrust laws and are thus barred. Equity placed Drabinsky on its Do Not Work List explicitly to protect its members from a producer whose production defaulted on the terms of its CBA, conduct undoubtedly within Equity's self-interest.[8] Compl. ¶¶188-89 & Exs. 39A. In so doing, Equity did not combine with any "non-labor group." *See* Compl. ¶189 ("*AEA* placed Drabinsky" on the list) (emphasis added). The alleged fact that some of Equity's members also work as producers does not mean that Equity combined with a non-labor group here.[9] Equity's reciprocal arrangements with other performer unions (Compl. ¶227) concerning its list are also irrelevant because other unions are clearly "labor groups," not "non-labor groups." Moreover, Plaintiff's allegation that, through its multi-employer CBAs Equity "monopolizes" the market for Broadway labor, is simply a frontal attack on the existence of labor unions and multi-employer bargaining and is expressly exempted from the antitrust laws by Section 6 of the Clayton Act and the law interpreting it (the "non-statutory" exemption from the antitrust laws).[10]

\*\*\*

Accordingly, Equity respectfully requests that its motion to dismiss be due on January 10, 2023, that Plaintiff's opposition be due on February 6, 2023, and that Equity's reply be due on February 14, 2023.[11]

Respectfully submitted,

*/s/ Olivia R. Singer*

Olivia R. Singer

---

[7] *E.g., Jou-Jou Designs, Inc. v. ILGWU,* 643 F.2d 905, 910 (2d Cir. 1981).

[8] *E.g., Hunt,* 325 U.S. at 824*; Perry v. Int'l Transp. Workers' Fed'n*, 750 F. Supp. 1189, 1197 (S.D.N.Y. 1990); *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council*, 31 F.3d 800, 808 (9th Cir. 1994).

[9] *E.g., Carroll v. AFM*, 319 U.S. 99, 106 (1968) (musicians that were also employers still were labor group); *HBO v. DGA*, 531 F. Supp. 578, 603 (S.D.N.Y. 1982) (same with directors in case involving union placing employer on Do Not Work List equivalent).

[10] *E.g.*, 15 U.S.C. § 17; *Caldwell v. ABA*, 66 F.3d 523, 529 (2d Cir. 1995) ("multiemployer bargaining groups do not violate the antitrust laws"); *Perry*, 750 F. Supp. at 1199.

[11] Equity reserves its right to raise additional defenses in its anticipated motion to dismiss, including but not limited that Plaintiff fails to plead plausible antitrust claims even if the labor exemption did not apply.