Defendant's application for a stay of discovery is DENIED.

Defendant's application to set a briefing schedule for its motion to dismiss is GRANTED. Defendant shall file its motion to dismiss by **January 10, 2023**, Plaintiff shall file his opposition by **February 6, 2023**, and Defendant shall file its reply by **February 14, 2023**.

Dated:  January 3, 2023
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

Re:   *Drabinsky v. Actors' Equity Association*, No. 22-CV-8933 (LGS)

Dear Judge Schofield:

This Firm represents Defendant Actors' Equity Association ("Equity") in the above-referenced matter. Pursuant to Rule III.C.3 of Your Honor's Individual Rules, Equity respectfully requests that the Court schedule a pre-motion conference for Equity's anticipated motion to stay discovery pending resolution of Equity's motion to dismiss the First Amended Complaint (the "Complaint"), Docket No. 16. Following a telephonic conference and email correspondence between counsel, Plaintiff states that he cannot agree to this request.

**I.     The First Amended Complaint**

Equity is an unincorporated labor union that represents actors and stage managers in the entertainment industry. From the Fall of 2021 to the Summer of 2022, Plaintiff Garth Drabinsky was the "lead creative producer" for *Paradise Square*, a theatrical show that aired in Chicago and New York. Compl. ¶¶55, 56, 68, 187. The show's terms and conditions for actors and stage managers were set forth in a collective bargaining agreement ("CBA") between Equity and the Broadway League, a multi-employer association. *See id.* p. 2. In his Complaint, Plaintiff alleges that Equity engaged in a "pattern of conduct to maliciously defame and harm Drabinsky." Compl. p. 8. Among other things, Plaintiff alleges that Equity: (1) defamed him by submitting a grievance contending that Plaintiff used "inappropriate and unwanted racial slurs during rehearsals"; *id.* ¶76; (2) breached the CBA and other contractual obligations and allowed its members to do the same, *id. e.g.*, ¶¶79, 87; and (3) placed Plaintiff on its "Do Not Work List," *id.* ¶190, a list of employers that Defendant maintains to alert its members of employers that, *inter alia*, are not subject to a CBA or have defaulted on their obligations to a CBA. Plaintiff further alleges that Equity's placement of Drabinsky on its "Do Not Work List" unreasonably restricted competition in violation of federal antitrust law. *See* Compl. ¶¶227, 232, 243.

Plaintiff brings state law claims for defamation (Count I), intentional tort (Count II), and negligence (Count III), as well as federal antitrust claims challenging the Do Not Work List under Sections 1 and 2 of the Sherman Act (Counts IV and V).



Page 2

## II. Discovery Should be Stayed Pending Resolution of the Motion to Dismiss.

Courts may stay discovery during the pendency of a motion to dismiss upon a showing of good cause. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). In determining whether a stay is appropriate, courts consider: (1) whether the defendant has made "substantial arguments" in favor of dismissal; (2) the breadth of discovery sought; and (3) any prejudice that would result. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). All three factors support issuing a stay here.

### A. Equity Has Made a Strong Showing that Plaintiff's Claims Lack Merit.

Equity has raised substantial issues regarding the Complaint's viability. As explained more fully in Equity's pre-motion letter in support of its motion to dismiss, Plaintiff's state law claims are: (1) barred by *Martin v. Curran*, 303 N.Y. 276 (1951), longstanding precedent from the New York Court of Appeals, as Plaintiff cannot plausibly allege that *each* of Equity's 50,000 members authorized or ratified the allegedly unlawful actions; (2) preempted both by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which preempts state law claims that depend upon an analysis of a collective bargaining agreement, and the National Labor Relations Act ("NLRA"), which prohibits states from regulating conduct that either is arguably protected or prohibited by the NLRA; and (3) as to the negligence claim, subject to dismissal as duplicative of the defamation claim. Plaintiff's federal antitrust claims are equally deficient. The Supreme Court has created broad exemptions from the antitrust laws for labor unions, and the challenged conduct here (placing Plaintiff on the Do Not Work List) falls squarely within those exemptions.

Courts in this District regularly stay discovery in these circumstances. *See, e.g.*, *Negrete v. Citibank, N.A.*, No. 15-CV-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (stay was warranted where the defendant's motion to dismiss "raise[d] several potentially viable defenses"); *Picture Pats., LLC v. Terra Holdings LLC*, No. 07-CV-5465 (JGK) (HBP), 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008) (strength of motion weighed heavily in favor of stay where defendants' argument could not be "summarily dismissed"). This Court should do the same.

### B. Discovery Will be Extremely Burdensome.

Discovery in this case will be expensive and significant in scope. Plaintiff's antitrust allegations, which require expert discovery on both the merits and damages, *see* Docket No. 15, at ¶9, impose uniquely burdensome obligations on the parties, as "it is commonly recognized that antitrust cases generally require highly complex evidentiary showings." *Hal Leonard Pub. Corp. v. Future Generations, Inc.*, No. 93-CV-5290 (JSM), 1994 WL 163987, at *4 (S.D.N.Y. Apr. 22, 1994). Accordingly, it is prudent to defer discovery until after Equity can test the Complaint's sufficiency. *See, e.g.*, *Spinelli v. Nat'l Football League*, No. 13-CV-7398



(RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay request where "discovery is likely to be broad and significant" in light of the "intricacy of the contractual provisions involved" and the "complex copyright and antitrust claims asserted"); *accord Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 137 (2d Cir. 2013) (emphasizing the "risk [of] propelling defendants into expensive antitrust discovery").

Further, even as to the state law claims, Equity will need to collect, review, and produce extensive electronic and hard-copy documents. Plaintiff alleges that Equity engaged in a "campaign of harassment and abuse," Compl. ¶¶214, 220, raising nearly a dozen instances of purportedly wrongful conduct during *Paradise Square's* Chicago and New York productions. *Id., e.g.*, ¶69, 87, 97, 109, 115, and 120. Crucially, these allegations largely do not overlap with Plaintiff's antitrust claims, which involve only the Do Not Work List. Staying discovery is thus particularly appropriate here, as even a partial dismissal of the Complaint will substantially limit the scope of discovery. *See Spinelli*, 2015 WL 7302266, at *2 (issuing a stay has "the advantage of simplifying and shortening discovery" in the event some of the plaintiffs' claims were dismissed and others survived).

### C. Plaintiff Will Not be Prejudiced by Staying Discovery.

Plaintiff will not suffer unfair prejudice by staying discovery. Where, like here, the litigation remains in its infancy, there is little prejudice to the plaintiff in issuing a stay pending a motion to dismiss. *Negrete*, 2015 WL 8207466, at *2; *Giminez v. Law Offices of Hoffman & Hoffman*, No. 12-CV-0669 (JFB) (ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012). And while Plaintiff may claim that staying discovery may delay the litigation or risk preserving evidence, neither is sufficient to establish actual prejudice here. *See Spinelli*, 2015 WL 7302266 at *2 ("[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly the delay the action . . . ."); *In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (assertion that "witnesses' memories fade" failed to demonstrate that staying discovery would unfairly prejudice the plaintiff).

In sum, given the strength of Equity's anticipated motion to dismiss, the breadth of the parties' discovery obligations, and the lack of any unfair prejudice to Plaintiff, discovery should be stayed pending resolution of Equity's motion.

Respectfully submitted,

*/s/ Olivia R. Singer*

Olivia R. Singer