UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
GARTH DRABINSKY, :
:
                    Plaintiff, :
: No. 22-CV-8933 (LGS)
              vs. :
:
ACTORS' EQUITY ASSOCIATION, :
:
                  Defendant. :
:
-------------------------------------------------------------- x

## [PROPOSED] STIPULATED PROTECTIVE ORDER

       As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.

       It is hereby agreed and ordered that the following provisions shall govern claims of confidentiality in these proceedings:

a)    An attorney for a producing party may designate documents or parts of documents thereof as confidential by stamping the word "confidential" on each page. Such confidential materials and information consist of, among other things:

- Sensitive and proprietary financial, commercial, operational, business or labor union, and/or strategic information (including but not limited to records of internal meetings and deliberations).

- Private or confidential personal information, including but not limited to job applications, training records, contact information, personnel records, insurance information, benefits information, Social Security numbers, compensation records, disciplinary documents, performance reviews, criminal history, personal identifiers, financial information, and tax records.

- Medical records, including medical files and reports.

1

b) Absent a court order, documents marked confidential relating to and/or received by the parties shall only be used for the purposes of prosecuting, defending, or attempting to settle this case by the party receiving said documents, and may not be used for any other purpose.

c) If confidential information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

d) At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

e) Confidential information and documents designated "confidential" shall not be publicly released and shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, and other persons necessary to review the documents for the prosecution or defense of this lawsuit.  Each person who is permitted to view confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document in the form of <u>Exhibit A</u>. If such person refuses to sign a document substantially in the form of <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from the Court. Documents may additionally be designated as "attorneys' eyes only" and those documents may only be disclosed to the receiving party's counsel of record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information or item for purposes of this case.

f) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

g) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

h) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

i) Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

j) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

k) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

l) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

m) The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

So Ordered.

Dated: January 25, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2023

*RRoth*
_____
Richard Alan Roth
Brian Seth Levenson
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 542-8882

Joshua D. Wright, admitted *pro hac vice*
Derek W. Moore, admitted *pro hac vice*
Nathaniel J. Harris, *pro hac vice* pending
LODESTAR LAW AND ECONOMICS PLLC
1115 Theresa Ann Street
McLean, Virginia 22101

*Counsel for Plaintiff*

_____
Evan Hudson-Plush
Susan Davis
Olivia R. Singer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
Telephone: (212) 356-0254
ehudson-plush@cwsny.com

Jeffrey L. Kessler
David L. Greenspan
Sarah L. Viebrock
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 294-4698
jkessler@winston.com

*Counsel for Defendant*

**SO ORDERED**

Dated: January ___, 2023

_____
Honorable Lorna G. Schofield
United States District Judge

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Drabinsky v. Actors' Equity Association*, 22-CV-8933 (LGS) [S.D.N.Y.], have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents publicly or to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____        DATED:_____
[Signature]


_____
(Attorney)