

**Evan Hudson-Plush**
o   212-356-0254
f   646.473.8254
ehudson-plush@cwsny.com
www.cwsny.com

900 Third Avenue, Suite 2100 • New York, NY 10022-4869

March 30, 2023

By ECF

Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Drabinsky v. Actors' Equity Association*, No. 22-CV-8933 (LGS)

Dear Judge Schofield:

   The parties submit this joint status letter pursuant to Paragraph 13(a) of the March 8, 2023 Civil Case Management Plan and Scheduling Order, Docket No. 46, and Rule IV.A.2 of Your Honor's Individual Rules.

   **1. Discovery To Date**

   On January 18, 2023, both parties propounded initial requests for production of documents, and Plaintiff additionally propounded interrogatories. On January 25, Defendant produced its insurance policies pursuant to its initial disclosures. On February 17, Defendant served its responses and objections to Plaintiff's document requests and interrogatories, and on February 22, produced 8,600 documents (consisting of 21,678 pages). Also on February 22, Plaintiff served his responses and objections to Defendant's document requests and produced 3,796 pages.

   On March 1, Defendant sent Plaintiff a letter outlining certain discovery disputes regarding Plaintiff's document production. The parties conducted a meet-and-confer on March 6, and on March 8, Plaintiff produced an additional 794 pages. There remain outstanding discovery issues from the parties' March 6 meet-and-confer that the parties continue to attempt to resolve without court intervention. Plaintiff will be providing Defendant its deficiency letter as soon as it is complete, and on March 29, 2023, forwarded a preliminary email informing counsel of its position that it must re-produce the documents without redactions, as it is impossible to determine the source of the emails with said redactions. Defendant, just in receipt of the email, will soon respond explaining why it contends the redactions were appropriate.

   In addition, on January 30, Defendant served three document subpoenas on third parties. On February 27, the third parties, who are represented by Plaintiff's counsel, produced 1,288 pages, and on March 8, served their objections and responses and produced an additional



4,263 pages. On March 28, Defendant sent Plaintiff's counsel a letter regarding the third-parties' document production, and counsel here too are working to resolve any disputes without court intervention.

### 2. Procedural History

Plaintiff filed the original complaint which asserted state law tort claims on October 20, 2022. Docket No. 1. A Case Management Plan was entered on December 7. Docket No. 5. On December 13, Plaintiff filed a first amended complaint that added antitrust claims. Docket No. 16. On January 10, 2023, Defendant filed a motion to dismiss the first amended complaint in its entirety. Docket No. 38. The motion was fully briefed on February 14. Docket No. 44. In addition, on January 3, 2023, the Court denied Defendant's motion to stay discovery pending the decision on the motion to dismiss, Docket No. 37, and on March 8, 2023, the Court granted the parties' joint motion to extend the deadlines to complete fact and expert discovery. Docket No. 47.

### 3. Discovery Plans

The parties continue to work in good faith to resolve the outstanding disputes regarding their discovery requests and will continue to work diligently to comply with the June 30, 2023 deadline to complete fact discovery.

*However*, pursuant to Paragraph 9(c) of the Case Management Plan, the parties conferred regarding a schedule for expert disclosures but have been unable to reach an agreement. Fact discovery closes on June 30, 2023, and expert discovery closes on August 15, 2023. Plaintiff states that his experts cannot complete review of the record—whether documents, deposition testimony, or data—necessary to prepare expert reports before the close of fact discovery. Plaintiff's experts would be prejudiced if they must complete expert reports that rely upon the factual record on the *same day* that fact discovery closes. Plaintiff therefore proposes a one-month extension; he will serve his expert reports by July 31, 2023, with depositions and rebuttal reports to follow. Plaintiff does agree to give Defendant an equal one-month extension on its expert reports so that it still has four weeks to respond to Plaintiff's reports—making Defendant's rebuttal expert reports due August 31, 2023.

Defendant does not oppose Plaintiff's request for a one-month extension of the discovery deadlines. If the Court does not grant such extension, however, Defendant disagrees that Plaintiff must complete all fact depositions before his expert(s) can draft a report.[1]

---

[1] Defendant contends that the complaint already contains allegations that would be the subject of an antitrust or damages expert report, including allegations concerning antitrust markets, purported harm to competition, and supposed absence of procompetitive justifications, and that Plaintiff has access to his own documents and knowledge, as well as the thousands of documents that Defendant has timely produced, and therefore can begin work on an expert report now.



Page 3

Accordingly, should the Court not grant an extension, Defendant proposes that Plaintiff serve his expert reports by June 30 (the close of fact discovery), that Plaintiff's expert be deposed the week of July 17, that Defendant serve its rebuttal report on July 28, and that Defendant's expert be deposed by August 15 (the close of expert discovery). This proposal would still result in Plaintiff having the vast majority of the discovery period to prepare an expert report(s).

        Respectfully submitted,

        Evan Hudson-Plush

CC:    All Counsel (via ECF)